UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| LEROY B. SIMMONS | | CIVIL ACTION |
|---|---|---|
| VERSUS | | NUMBER:   18-12994 |
| RICHARD L. STALDER, ET AL. | | SECTION:   "J" (3) |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Leroy B. Simmons filed the above-captioned matter in this Court in which he sues Richard L. Stalder, C. Brown, O.P.P. Temp 11, the Secretary of Department Public Safety and Correctional Services, Denny Creed, and Dimar Ramsay for allegedly having confined him in prison for too long of a time.  On December 11, 2018, this Court ordered Simmons to show cause why this case should not be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-iii) on the ground that all of Simmons' claims have long prescribed. Simmons has now done so. [Doc. #5].

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous.  Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> * * *
>   (B) the action or appeal –
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added).  In plain language, Section 1915 requires

1

dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[1]

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a).  However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute.  On its face, plaintiff's complaint fails to meet the requirements of the statute.  There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2]

"In an action under section 1915, a district court may raise the defense of limitations *sua sponte*." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A complaint asserting prescribed claims is properly dismissed as frivolous. *See, e.g., Brown v. Pool*, 79 Fed. App'x 15, 17 (5th Cir. 2003); *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998); *Francis v. United States*, Civil Action No. 07-1991, 2007 WL 2332322 (E.D. La. Aug.13, 2007). "[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); *see also Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); La. Civ. Code Ann. art. 3492. "Ordinarily, a cause of

---

[1] *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

[2] *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

2

action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Price v. City of San Antonio, Tex.*, 431 F.3d 890, 893 (5th Cir. 2005) (quotation marks omitted).

On the face of the complaint, Simmons' claims have prescribed and are time barred, and his response to the rule to show cause does not change that fact. While the complaint is far from clear, Simmons complains of actions taken against him in 1996, 1997, 1999, and 2003. In his response to the rule to show cause, Simmons argues only that the Orleans Criminal District Court and the Allen Correctional Center made some sort of mistake with regard to the length of his sentence. That does not change the dates on which he knew of any potential claims against defendants.

Simmons initiated this lawsuit on December 5, 2018, more than 15 years after the latest date alleged in the complaint. Therefore, unless the statute of limitations was tolled for some reason, Simmons claims would be timely only if the instant lawsuit was filed within one year from any of those dates. *Vicks v. Griffin*, Civ. A. No., 07-5471, 2008 WL 553186, at *3 (E.D. La. Feb. 28, 2008). Simmons makes no argument that tolling is appropriate here. His claims here are all prescribed given that he filed this lawsuit well after the one-year statute of limitations had run. His claims must be dismissed with prejudice. Accordingly,

**IT IS RECOMMENDED** that Leroy B. Simmons' complaint be DISMISSED WITH PREJUDICE as prescribed.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days

after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 25th day of January, 2019.

*[signature]*
**UNITED STATES MAGISTRATE JUDGE**